Alan M. Greenberg, Esq. (AMG-0905)
Matthew E. Greenberg (326712020)
**GREENBERG LAW PC**
370 Lexington Avenue, Suite 1100
New York, New York 10017
Tel: (212) 972-5656
Fax: (212) 697-3551
Email: alan@greenberglawpc.com
      matt@greenberglawpc.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

RONIT DAVID,

                     *Plaintiff*,

      -against-

LVMH MOET HENNESSY LOUIS VUITTON INC.,
LOUIS VUITTON NORTH AMERICA, INC., LOUIS
VUITTON U.S. MANUFACTURING, INC., LOUIS
VUITTON USA INC. and DEACOM CO.,

                    *Defendants*.

-------------------------------------------------------------------X

Case No.     1:24-cv-8950

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff RONIT DAVID, by her attorneys, GREENBERG LAW PC, complaining of the Defendants, respectfully alleges as follows:

## JURISDICTION AND VENUE

**1.**     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(3) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties.

**2.**     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim took place in this district.

## JURY DEMAND

**3.**      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

**4.**      Plaintiff **RONIT DAVID** has been at all relevant times domiciled in the City, County and State of New York.

**5.**      Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.**, has been at all relevant times a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in San Francisco, California.

**6.**      Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.**, is, and at all relevant times has been, conducting business within the jurisdiction of the U.S. District Court for the Southern District of New York, including the distribution of luxury goods such as handbags, shoes, jewelry, timepieces, perfumes, books, and apparel products to retail stores, all for profit.

**7.**      Defendant **LOUIS VUITTON NORTH AMERICA, INC.**, has been at all relevant times a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

**8.**      Defendant **LOUIS VUITTON NORTH AMERICA, INC.** is, and at all relevant times has been, conducting business within the jurisdiction of the U.S. District Court for the Southern District of New York, including the distribution of luxury goods such as handbags, shoes, jewelry, timepieces, perfumes, books, and apparel products to retail stores, all for profit.

**9.**      Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.**, has been at all relevant times a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

10.      Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** is, and at all relevant times has been, conducting business within the jurisdiction of the U.S. District Court for the Southern District of New York, including the manufacturing and distribution of luxury leather goods such as handbags and small leather accessories to retail stores, all for profit.

11.      Defendant **LOUIS VUITTON USA INC.**, has been at all relevant times a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

12.      Defendant **LOUIS VUITTON USA INC.** is, and at all relevant times has been, conducting business within the jurisdiction of the U.S. District Court for the Southern District of New York, including the retail sale of luxury goods such as handbags, shoes, jewelry, timepieces, perfumes, books, and apparel products to consumers, all for profit.

13.      Defendant **DEACOM CO.**, has been at all relevant times a Corporation duly organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Miami, Florida.

14.      Defendant **DEACOM CO.** is, and at all relevant times has been, conducting business within the jurisdiction of the U.S. District Court for the Southern District of New York, including the manufacturing and installation of custom installations for retail spaces, all for profit.

15.      At all times hereinafter mentioned, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York, and should have reasonably expected that its actions would have consequences in that court.

16.      At all times hereinafter mentioned, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.** is, and at all relevant times has been, transacting business within the

jurisdiction of the U.S. District Court for the Southern District of New York. Its agents, servants, and/or employees committed a tortious act within the State of New York, causing injury to the Plaintiff.

17.    At all times hereinafter mentioned, Defendant **LOUIS VUITTON NORTH AMERICA, INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York, and should have reasonably expected that its actions would have consequences in that court.

18.    At all times hereinafter mentioned, Defendant **LOUIS VUITTON NORTH AMERICA, INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York. Its agents, servants, and/or employees committed a tortious act within the State of New York, causing injury to the Plaintiff.

19.    At all times hereinafter mentioned, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York, and should have reasonably expected that its actions would have consequences in that court.

20.    At all times hereinafter mentioned, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York. Its agents, servants, and/or employees committed a tortious act within the State of New York, causing injury to the Plaintiff.

21.    At all times hereinafter mentioned, Defendant **LOUIS VUITTON USA INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District

Court for the Southern District of New York, and should have reasonably expected that its actions would have consequences in that court.

22.     At all times hereinafter mentioned, Defendant **LOUIS VUITTON USA INC.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York. Its agents, servants, and/or employees committed a tortious act within the State of New York, causing injury to the Plaintiff.

23.     At all times hereinafter mentioned, Defendant **DEACOM CO.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York, and should have reasonably expected that its actions would have consequences in that court.

24.     At all times hereinafter mentioned, Defendant **DEACOM CO.** is, and at all relevant times has been, transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York. Its agents, servants, and/or employees committed a tortious act within the State of New York, causing injury to the Plaintiff.

<u>**BACKGROUND FACTS**</u>

25.     The location of the Plaintiff's incident giving rise to this action occurred in the vicinity of the LOEWE Shoe Display, situated within the premises known as Bergdorf Goodman, located at 754 5th Avenue, New York, NY 10019, specifically in the women's shoe department on the second floor near the up escalators (hereinafter referred to as "the subject premises").

26.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** was the lessor of a portion of the subject premises.

27.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** was the lessee of a portion of the subject premises.

28.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, managed a portion of the subject premises.

29.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, maintained a portion of the subject premises.

30.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, controlled a portion of the subject premises.

31.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, operated a portion of the subject premises.

32.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, constructed a portion of the subject premises.

33.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, repaired a portion of the subject premises.

34.     At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, designed a portion of the subject premises.

35. At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, designed the interior layout of a portion of the subject premises.

36. At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, supervised a portion of the subject premises.

37. At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, were responsible for the use of a portion of the subject premises.

38. At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.,** its agents, servants and/or employees, were responsible for the care of a portion of the subject premises.

39. At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** was the lessor of a portion of the subject premises.

40. At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** was the lessee of a portion of the subject premises.

41. At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, managed a portion of the subject premises.

42. At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, maintained a portion of the subject premises.

43.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, controlled a portion of the subject premises.

44.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, operated a portion of the subject premises.

45.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, constructed a portion of the subject premises.

46.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, repaired a portion of the subject premises.

47.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, designed a portion of the subject premises.

48.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, designed the interior layout of a portion of the subject premises.

49.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, supervised a portion of the subject premises.

50.     At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, were responsible for the use of a portion of the subject premises.

51.     At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.,** its agents, servants and/or employees, were responsible for the care of a portion of the subject premises.

52.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** was the lessor of a portion of the subject premises.

53.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** was the lessee of a portion of the subject premises.

54.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, managed a portion of the subject premises.

55.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, maintained a portion of the subject premises.

56.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, controlled a portion of the subject premises.

57.     At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, operated a portion of the subject premises.

58. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, constructed a portion of the subject premises.

59. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, repaired a portion of the subject premises.

60. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, designed a portion of the subject premises.

61. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** its agents, servants and/or employees, designed the interior layout of a portion of the subject premises.

62. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, supervised a portion of the subject premises.

63. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, were responsible for the use of a portion of the subject premises.

64. At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.,** its agents, servants and/or employees, were responsible for the care of a portion of the subject premises.

65. At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.** was the lessor of a portion of the subject premises.

10

66.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** was the lessee of a portion of the subject premises.

67.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, managed a portion of the subject premises.

68.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, maintained a portion of the subject premises.

69.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, controlled a portion of the subject premises.

70.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, operated a portion of the subject premises.

71.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, constructed a portion of the subject premises.

72.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, repaired a portion of the subject premises.

73.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, designed a portion of the subject premises.

74.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, designed the interior layout of a portion of the subject premises.

75.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, supervised a portion of the subject premises.

76.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, were responsible for the use of a portion of the subject premises.

77.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.,** its agents, servants and/or employees, were responsible for the care of a portion of the subject premises.

78.     At all times mentioned herein, Defendant **DEACOM CO.,** was the lessor of a portion of the subject premises.

79.     At all times mentioned herein, Defendant **DEACOM CO.,** was the lessee of a portion of the subject premises.

80.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, managed a portion of the subject premises.

81.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, maintained a portion of the subject premises.

82.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, controlled a portion of the subject premises.

83.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, operated a portion of the subject premises.

84.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, constructed a portion of the subject premises.

85.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, repaired a portion of the subject premises.

86.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, designed a portion of the subject premises.

87.     At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, designed the interior layout of a portion of the subject premises.

88.    At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, supervised a portion of the subject premises.

89.    At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, were responsible for the use of a portion of the subject premises.

90.    At all times mentioned herein, Defendant **DEACOM CO.,** its agents, servants and/or employees, were responsible for the care of a portion of the subject premises.

91.    At all times mentioned herein, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.** had a duty to maintain a portion of the subject premises in a reasonably safe manner, free from defects and hazardous conditions.

92.    That on or before May 16, 2023, Defendant **LVMH MOET HENNESSY LOUIS VUITTON INC.** failed to properly maintain a portion of the subject premises.

93.    At all times mentioned herein, Defendant **LOUIS VUITTON NORTH AMERICA, INC.** had a duty to maintain a portion of the subject premises in a reasonably safe manner, free from defects and hazardous conditions.

94.    That on or before May 16, 2023, Defendant **LOUIS VUITTON NORTH AMERICA, INC.** failed to properly maintain a portion of the subject premises.

95.    At all times mentioned herein, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** had a duty to maintain a portion of the subject premises in a reasonably safe manner, free from defects and hazardous conditions.

96.    That on or before May 16, 2023, Defendant **LOUIS VUITTON U.S. MANUFACTURING, INC.** failed to properly maintain a portion of the subject premises.

97.     At all times mentioned herein, Defendant **LOUIS VUITTON USA INC.** had a duty to maintain a portion of the subject premises in a reasonably safe manner, free from defects and hazardous conditions.

98.     That on or before May 16, 2023, Defendant **LOUIS VUITTON USA INC.** failed to properly maintain a portion of the subject premises.

99.     At all times mentioned herein, Defendant **DEACOM CO.** had a duty to maintain a portion of the subject premises in a reasonably safe manner, free from defects and hazardous conditions.

100.    That on or before May 16, 2023, Defendant **DEACOM CO.** failed to properly maintain a portion of the subject premises.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (NEGLIGENCE)

101.    That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "100" with the same force and effect as though the same were set forth in full detail herein.

102.    Defendants had a duty to exercise due, reasonable, and ordinary care in maintenance of a portion of the subject premises.

103.    Defendants breached their duty of due, reasonable, and ordinary care to Plaintiff in the following respects:

    a.    That on May 16, 2023, at approximately 10:20 A.M., Plaintiff **RONIT DAVID** was lawfully on the subject premises when she was caused to trip and fall due to a raised, uneven, elevated, and unsecured display of artificial sand on the floor, which was part of a shoe display at the subject premises.

14

**104.**     That as a result of the foregoing, Plaintiff **RONIT DAVID** sustained severe and permanent personal injuries.

**105.**     That the aforesaid occurrence was caused solely and wholly by the negligence, carelessness and recklessness of Defendants in the management, maintenance, control, operation, construction, repair, design and supervision of a portion of the subject premises.

**106.**     That the aforesaid occurrence and resulting injuries therefrom were caused as the result of the negligence of the Defendants, Defendants' agents, servants and/or employees, without any negligence on the part of Plaintiff contributing thereto.

**107.**     As a result of her injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

**108.**     As a result of her injuries, Plaintiff was, and will continue to be, rendered unable to perform her normal activities and duties.

**109.**     That Plaintiff has been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS (NEGLIGENCE)

**110.**     That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "109" with the same force and effect as though the same were set forth in full detail herein.

**111.**     That Defendants had a duty to use due, reasonable, and ordinary care in designing, manufacturing, assembling, constructing, distributing, servicing, installing, maintaining, and selling the LOEWE Shoe Display at the subject premises.

112.    That Defendants breached their duty of due, reasonable, and ordinary care to Plaintiff in the following respects:

a.  In failing to design, construct, and maintain the LOEWE Shoe Display in a manner that would prevent the clearly foreseeable and exceedingly unreasonable risk of harm posed to persons, such as Plaintiff, by the raised, uneven, elevated, and unsecured display of artificial sand on the floor;

b.  In failing to properly secure or design the artificial sand portion of the LOEWE Shoe Display in such a way that would prevent persons, such as Plaintiff, from tripping and falling due to the hazardous and unstable surface;

c.  In failing to adequately warn persons, such as Plaintiff, of the raised and unsecured display of artificial sand, which created a tripping hazard and posed a significant danger to those walking through or near the display;

d.  In failing to ensure the LOEWE Shoe Display, including the artificial sand, was properly installed and maintained in a condition that would prevent harm or injury to persons, such as Plaintiff;

e.  In designing, assembling, constructing, and installing the LOEWE Shoe Display in a negligent, careless, and reckless manner, creating a hazardous condition on the premises;

f.  In failing to properly inspect, supervise, or manage the LOEWE Shoe Display to ensure that the raised, uneven, elevated, and unsecured display of artificial sand did not pose a danger to persons, such as Plaintiff;

    **g.** In failing to repair the hazardous, unsafe, and dangerous condition created by the raised, uneven, elevated, and unsecured display of artificial sand that led to Plaintiff's trip and fall incident;

    **h.** In using defective, shoddy, inferior, and inadequate materials in constructing or designing the LOEWE Shoe Display, specifically the artificial sand portion, which created an unstable and dangerous condition;

    **i.** In allowing the LOEWE Shoe Display, specifically the artificial sand, to remain in an unsafe, dangerous, and hazardous condition after installation, exposing persons such as Plaintiff to harm; and

    **j.** In failing to repair the unsafe, dangerous, and defective conditions on the LOEWE Shoe Display, particularly regarding the artificial sand display.

**113.** At the time Defendants tested, designed, manufactured, assembled, constructed, distributed, serviced, installed, maintained, sold, or otherwise handled the LOEWE Shoe Display, they knew or should have known, in the exercise of reasonable care, of the unsafe, dangerous, defective, and hazardous conditions of the raised, uneven, elevated, and unsecured display of artificial sand on the floor.

**114.** Defendants knew or should have known that the negligent acts or omissions alleged above regarding the LOEWE Shoe Display, including the raised, uneven, elevated, and unsecured display of artificial sand, would severely injure Plaintiff.

**115.** Despite that knowledge, Defendants failed to warn Plaintiff at any time of the unsafe, dangerous, defective, and hazardous conditions of the LOEWE Shoe Display, specifically the raised, uneven, elevated, and unsecured display of artificial sand at the subject premises.

**116.**     No negligence on the part of Plaintiff contributed to her injuries in any manner whatsoever.

**117.**     The negligence of Defendants, their agents, servants or employees caused Plaintiff to sustain serious injuries and suffer pain, shock, and mental anguish.

**118.**     Plaintiff's injuries and their effects are permanent.

**119.**     As a result of her injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

**120.**     As a result of her injuries, Plaintiff was, and will continue to be, rendered unable to perform her normal activities and duties.

**121.**     As a direct and proximate result of the use and interaction with the LOEWE Shoe Display, Plaintiff has suffered damages in an amount to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**122.**     As a result, Defendants are liable to Plaintiff's injuries.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(STRICT PRODUCTS LIABILITY)**

**123.**     That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "122" with the same force and effect as though the same were set forth in full detail herein.

**124.**     That prior to May 16, 2023, the LOEWE Shoe Display was defectively manufactured, designed, assembled, constructed, distributed, serviced, installed, maintained, and sold by the Defendants.

**125.**     That this action is instituted as against the Defendants under the doctrine of Strict Liability in Torts.

126.    That Plaintiff exercised reasonable care in and around the LOEWE Shoe Display and did not discover the defects with respect to its design, manufacture, assembly, construction, and maintenance, nor did she perceive the danger associated with it.

127.    That Plaintiff exercised reasonable care while walking near the LOEWE Shoe Display, which was situated and functioning as intended.

128.    That Defendants failed to warn Plaintiff of the inherent design and/or manufacturing defects in the LOEWE Shoe Display and, as such, are liable for failure to warn.

129.    That as a result of the foregoing, Plaintiff sustained severe and permanent personal injuries and damages in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

130.    That Plaintiff has been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

131.    That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "130" with the same force and effect as though the same were set forth in full detail herein.

132.    Defendants impliedly warranted that the LOEWE Shoe Display was merchantable in that it was fit for the ordinary purposes for which it would be used.

133.    At the time of the incident alleged herein, the LOEWE Shoe Display was being used for its intended purpose, as a retail display at the subject premises, in the manner recommended or intended by Defendants.

**134.**    The LOEWE Shoe Display was not fit for its intended use, and therefore, Defendants' implied warranty of merchantability was breached.

**135.**    As a direct and proximate result of the breach of the implied warranty of merchantability, Plaintiff was exposed to the risk of tripping and falling due to the raised, uneven, elevated, and unsecured artificial sand display, resulting in severe and permanent injuries to her.

**136.**    As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered damages in an amount to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINS ALL DEFENDANTS
(BREACH OF EXPRESS WARRANTY)**

**137.**    That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "136" with the same force and effect as though the same were set forth in full detail herein.

**138.**    Defendants expressly warranted to the public that the LOEWE Shoe Display was safe for its intended use as a retail display.

**139.**    Defendants' promises and affirmations were relied upon by Plaintiff on the date of the incident alleged herein.

**140.**    At the time of the incident alleged herein, the LOEWE Shoe Display was being used for its intended purpose, as part of a retail setting, in the manner recommended or intended by Defendants.

**141.**    Defendants, their agents, servants, and/or employees breached their express warranties in that the LOEWE Shoe Display, including its design and components, was not fit for its intended purposes, was not of merchantable quality, was unsafe for its intended use, was unsafe

in design, dangerous, and contained latent defects, and it was carelessly designed, constructed, assembled, installed, maintained, and/or sold.

142. As a direct and proximate result of the breach of express warranties, Plaintiff was exposed to the risk of tripping and falling due to the raised, uneven, elevated, and unsecured artificial sand display, without warning, resulting in severe and permanent injuries to her.

143. As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered damages in an amount to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein in an amount of her damages to be proven at trial, all of which are in excess of the minimum jurisdictional limit ($75,000.00) of this Court, such other and further relief as this Court may deem just and proper, together with her attorneys' fees, and the costs and disbursements of this action.

Dated: New York, NY
         November 22, 2024

Respectfully submitted,
**GREENBERG LAW P.C.**

By: _____
Alan M. Greenberg, Esq. (AMG-0905)
*Attorneys for Plaintiff*
370 Lexington Avenue, Suite 1100
New York, New York 10017
Tel: (212) 203-8855
Fax: (212) 203-8871
Email: alan@greenberglawpc.com

## <u>CERTIFICATION</u>

I certify in accordance with Rule 4:5-1 that this matter is not the subject of any other proceeding in any other forum, and that to the best of my knowledge all necessary parties have been joined herein.

Dated: New York, NY
        November 22, 2024

Respectfully submitted,
**GREENBERG LAW P.C.**

By: _____
Alan M. Greenberg, Esq. (AMG-0905)
*Attorneys for Plaintiff*
370 Lexington Avenue, Suite 1100
New York, New York 10017
Tel: (212) 203-8855
Fax: (212) 203-8871
Email: alan@greenberglawpc.com
